# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1602V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| ANDRES NIEVES, | * | |
| | * | |
| Petitioner, | * | |
| | * | Dated: November 8, 2022 |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Michael Adley Baseluos,* Baseluos Law Firm, PLLC, San Antonio, TX*,* for Petitioner.

*Ryan Daniel Pyles,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 17, 2018, Andres Nieves filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner originally alleged that as a result of receiving the influenza ("flu") vaccine on October 28, 2015, he suffered from Guillain-Barré syndrome, although in light of determinations made in this matter the claim has evolved into a causation-in-fact claim that the vaccine caused Petitioner to experience chronic inflammatory demyelinating polyneuropathy ("CIDP"). The matter is set to be resolved by Ruling on the Record and is fully briefed, although a determination remains pending.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated October 27, 2022 (ECF No. 95). It is the first fees request in this case. Petitioner seeks a total of $242,154.14 ($97,622.50 in attorney's fees, and $144,531.64 in costs) for the work of his attorney, Michael Baseluos, at Baseluos Law Firm, PLLC, between August 25, 2017 to August 23, 2022 (essentially a five-year period of time). ECF No. 95 at 10.

Respondent reacted to the fees request on November 7, 2022. *See* Response, November 7, 2022 (ECF No. 96). Respondent defers the calculation of the amount to be awarded to my discretion and has not otherwise taken a position on the appropriateness of an interim award. *Id.* at 3. Petitioner did not file a Reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees in the total amount of **$97,622.50**. I defer resolution of the aspect of the motion seeking costs.

## ANALYSIS

**I.     Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must be evaluated for reasonable basis, because the claim's success remains to be determined.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be *some* showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a showing sufficient to justify an interim award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim for a favorable reasonable basis determination. Certainly, the claim that the flu vaccine can cause CIDP is one that has not been definitively resolved in the Program. In addition, the indicia I consider significant in interim award requests have been met. This matter has been pending for four years, many expert reports have been filed, and the requested fees are substantial. And no other circumstances exist that make an interim award inappropriate.

**II.     Calculation of Fees**

Determining the appropriate amount of fees to be awarded is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney, based on the years work was performed:

|  | **2017** | **2018** | **2019** | **2020** | **2021** | **2022** |
|---|---|---|---|---|---|---|
| **Michael Baseluos (Attorney)** | $275 | $295 | $315 | $335 | $350 | $375 |
| **Paralegal** | $125 | $125 | $125 | $125 | $150 | $175 |

ECF No. 95 at 12–48.

Mr. Baseluos has been recognized to practice in-forum, entitling him to rates commensurate with those established in *McCulloch*. *See Dorso v. Sec'y of Health & Hum. Servs.*, No. 19-699V, 2022 WL 4518394, at *2 (Fed. Cl. Spec. Mstr. Sept. 13, 2022). The requested rates are also consistent with what has previously been awarded for his work, in accordance with the Office of Special Masters' fee schedule.[5] *See Martinez v. Sec'y of Health & Hum. Servs.*, No. 18-1352V, 2022 WL 4693287, at *2 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). I thus find no cause to reduce the rates in this instance (and this includes the proposed paralegal rates). I also deem the time devoted to the matter reasonable (even if it has been my judgment at certain times in this claim's life that attorney work was occasionally devoted to unnecessary matters). *See, e.g.*, June 28, 2022 Scheduling Order (ECF No. 87) at 2–3. I will therefore award all fees requested without adjustment.

### III. Deferral of Costs Award

This case presents the uncommon circumstance in which the magnitude of requested costs greatly exceeds the fees. Petitioner seeks $144,531.64 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of three experts—Omid Akbari, Ph.D.; Joseph Jeret, M.D.; and Marcel Kinsbourne, M.D., ECF No. 95 at 4–8. Dr. Akbari has authored two expert reports (ECF Nos. 54-2, 88-2), billing $88,495.00 in total for 160.9 hours at a rate of $550 per hour, with a retainer fee of $5,000.00. ECF No. 95 at 91–98. Dr. Jeret authored three expert reports (ECF Nos. 53-2, 72-1, 88-1), billing $21,862.50 in total for 39.75 hours at a rate of $550 per hour, with a retainer fee of $2,500.00. ECF No. 95 at 101. And Dr. Kinsbourne authored three expert reports (ECF No. 23-2, 31-3, 55-1), billing $33,600.00 for 67.2 hours at a rate of $500 per hour, with a retainer fee of $2,000.00. ECF No. 95 at 102-05.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

Although I am mindful of the financial burdens associated with expert retention, I deem it premature to award costs at this point, for two reasons. First, I have some questions about certain requested costs that will require further consideration.[6] Second, the expert costs associated with this matter appear extremely high, and may prove not to be warranted in part—although whether a particular expert's report is helpful to my determination, or reflects proper use of the expert's time, is the kind of assessment that I cannot make until I have decided the case fully.

Fees and costs requests should generally not result in a separate litigation parallel to the main one. This especially holds true for interim requests, which are left to the special master's discretion to permit. But resolving my questions and concerns about the propriety of the costs component of the present motion will take time, and possibly require Petitioner's additional input (in the form of additional filings to address some of my questions). Judicial economy compels me to hold these side issues for later in the case, when they are less likely to distract me from determining the claim's underlying merits.

I will therefore defer resolution of this aspect of the current motion until my resolution of the underlying claim. At that point (and even if additional litigation is likely to require another fees and costs request)[7], Petitioner may by notice renew this aspect of his interim request, and I will then resolve it.

---

[6] For example, Petitioner has charged for an online subscription to *Dorland's Medical Dictionary*—a cost that would typically be deemed administrative, and thus not compensable. ECF No. 95 at 48.

[7] My usual practice is to permit only a *single* interim award of any kind, but I am prepared in this case to make an exception since the costs are quite high. Petitioner can thus expect that I will issue *some* interim award of costs after I have resolved the pending ruling on the record, even if it is likely that more fees and costs will thereafter be incurred in additional litigation associated with this case.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs, awarding **$97,622.50** for fees, in the form of a check made jointly payable to Petitioner and his attorney Mr. Michael Baseluos.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.